# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 16-1674V
### (Not to be published)

FILED
JUN 1 2 2018
U.S. COURT OF FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * *
RAYMOND JOHNSON *and* SASHA HALL,

        Petitioners,

        v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

        Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Filed: June 12, 2018

Vaccine Act Entitlement;
Denial Without Hearing;
Failure to Prosecute.

*Raymond Johnson & Sasha Hall, pro se*, Moreno Valley, CA.

*Glenn A. MacLeod*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE[1]

On December 21, 2016, Raymond Johnson and Sasha Hall ("Petitioners") filed a petition on behalf of the decedent, Antonio Rocha, seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The petition alleges that the influenza ("flu") vaccination administered to Mr. Rocha on September 3, 2016, was the cause or a substantial contributing factor to his death on September 6, 2016. *See* Pet. at 1 (ECF No. 1).

Throughout the course of several months, Petitioners filed medical records as well as affidavits describing Mr. Rocha's physical condition preceding and following vaccination. On August 30, 2017, Respondent filed his Rule 4(c) Report, arguing that compensation was not appropriate in this case. ECF No. 16. Thereafter, I held a status conference on September 12, 2017,

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2014). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

in which two issues were discussed. First, I ordered Petitioners to establish which of them had the right to represent the decedent under California law.[3] Second, I ordered Petitioners to obtain a scientific or medical expert who could corroborate Petitioners' allegation that the flu vaccination caused Mr. Rocha's death, in the form of an expert report. Finally, I urged petitioners to consider obtaining counsel. ECF No. 19.

After several extensions of time given to Petitioners to file an expert report, I held another status conference on February 24, 2018. At this time I ordered Petitioners to file the expert report on or before April 30, 2018, noting that no further extensions of time would be granted, given the amount of time Petitioners had been provided already to comply with my Order. Order Dated February 15, 2018 (ECF No. 22).

Petitioners failed to meet the expert report deadline, and on May 3, 2018, I issued an order directing Petitioners to file the overdue expert report immediately. ECF No. 23. After Petitioners again failed to comply with my order, on May 15, 2018, I issued an Order to Show Cause as to why the petition should not be dismissed pursuant to Vaccine Rule 21(b) for failure to prosecute. Order Dated May 15, 2018 (ECF No. 24). This Order indicated that Petitioners had failed to file the overdue expert report despite several extensions of time, that Petitioners were to show cause immediately as to why this case should not be dismissed, and that failure to respond to this order would be interpreted as failure to prosecute this claim and would result is dismissal of the petition. To date, however, Petitioners have failed to file the expert report or contact the Court, nor have they filed the requested status report concerning the status of their legal representative capacity. As I noted in the Order to Show Cause, the fact that Petitioners are *pro se* does not excuse this inaction; Petitioners have been on notice since September of 2017 of the need to obtain expert support for their claim. *Id.*

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that the decedent suffered a "Table Injury." Further, the record does not contain sufficient persuasive evidence, without an expert report, establishing that the alleged injury that the decedent experienced could have been caused by the vaccinations received (*see* § 11(c)(1)(D)(i)).

Special masters may require such evidence "as may be reasonable or necessary." 42 U.S.C.A. § 300aa-12(d)(3)(B)(ii). That evidence (here, an expert report) has not been provided despite my repeated prior orders. In addition, under appropriate circumstances, an unjustified failure to comply with a lawful order of a special master can be grounds for dismissal of their

---

[3] The record indicates that Ms. Hall is Decedent's granddaughter, while Mr. Johnson is a friend of Ms. Hall and a former caregiver for Decedent. Respondent indicated in his Report that there was nothing indicating that either had standing to file a petition for vaccine injury compensation as a legal representative of Decedent under California law. Report at 2. Because this case is being dismissed for failure to prosecute, I need not determine whether either Petitioner has standing.

petition for failure to prosecute. *See, e.g.*, *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *See also Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl.Ct. 439 (1992), *aff'd* 991 F.2d 819 (Fed. Cir. 1993).

Here, Petitioners' failure to adhere to numerous Court orders are ample grounds for dismissal of this case. Although I am aware of Petitioners' *pro se* status, and the fact that they have been attempting to address the question of representative capacity in this case, these issues do not excuse their failure to file an expert report - something they have had nine months to accomplish. This, plus the repeated ignoring of my orders, is grounds for dismissal under Vaccine Rule 21(b).

**Thus, this case is dismissed for failure to prosecute, and for lack of proof. The Clerk shall enter judgment accordingly.**

IT IS SO ORDERED.

Brian H. Corcoran
Special Master